**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CORRIS WHITFIELD, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | Hon. J. |
| | ) | |
| v. | ) | Mag. J. |
| | ) | |
| CITY OF CHICAGO, ILLINOIS; | ) | **JURY TRIAL DEMANDED** |
| CHICAGO POLICE OFFICER | ) | |
| JOHN J. SALINAS #9479; | ) | |
| CHICAGO POLICE OFFICER | ) | |
| ANTHONY ROJAS #15065 | ) | |
| CHICAGO POLICE SERGEANT | ) | |
| DANIEL K. SHINE #1443, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S EXHIBIT D**

**Lewis v. City of Chicago Filed Complaint**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 23 CV 16229 |
| | ) |
| CITY OF CHICAGO, D PROTHRO, #8805, | ) |
| C SMITH, #18090, R DOHERTY, #459, and | ) |
| CURIA, #5126, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, GARY LEWIS, by and through his counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO, D PROTHRO, #8805, C SMITH, #18090, R DOHERTY, #459, and CURIA, #5126, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

### JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

1

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff GARY LEWIS is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. He is the founder of I Am Dad 365,

5. Defendants D PROTHRO, #8805 and C SMITH, #18090 ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant CURIA, #5126 ("Defendant Sergeant") was, at the time of this occurrence, a duly licensed Chicago Police Officer, and the sergeant in charge of Defendant Officers. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

7. Defendant R DOHERTY, #459, was, at the time of this occurrence, a duly licensed Chicago Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

8. Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

## FACTS

9. On or around 18 May 2023, Plaintiff GARY LEWIS was driving a dealership rental vehicle that had been provided to him by Land Rover Hinsdale.

10. As he was driving home, he noticed a police car driving the wrong way down a one-way street and moved over to make room for them to pass.

11. Mr. Lewis is an African-American male with shoulder-length dreadlocks, and his vehicle did not have tinted windows.

12. The police vehicle was not in hot pursuit of any suspect, and did not have its lights or siren activated.

13. Prior to exiting his vehicle to enter his home, Mr. Lewis noticed that the police vehicle had completed a U-turn and was now initiating a stop of him.

14. The seizure of Plaintiff GARY LEWIS was made without a reasonable and articulable suspicion. Immediately before he was pulled over by the Defendant Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being seized, he was not violating any laws, rules, or ordinances. There was no reasonable and articulable suspicion or justification for the stop of Plaintiff GARY LEWIS on 18 May 2023.

15. Defendant Officers told Plaintiff that they were conducting an investigatory stop because his vehicle had dealership plates.

16. At all times relevant, a vehicle having dealership plates was not illegal in the state of Illinois and did not form the basis for believing a person had committed a crime.

17. After Mr. Lewis provided the Defendant Officers with paperwork proving that he was driving a vehicle on loan from the dealership, they told him the paperwork could have been forged or false.

18. The Defendant Officers--who were part of a specialized team within the Chicago Police Department that concentrates on gangs, drugs, and guns—then informed Mr. Lewis that he was suspicious because he was in violence zone one of the 6th District.

19. Living in an area, in and of itself, is not a legal justification for believing a person has committed a crime.

20. Defendant Sergeant then arrived at the scene and reiterated the story by Defendant Officers.

21. At no point did or could Defendant Officers or Defendant Sergeant ever articulate a crime that Mr. Lewis had committed.

22. Defendant Officers and Defendant Sergeant then placed Mr. Lewis under arrest for resisting arrest.

23. In fact, the criminal complaints filed against Mr. Lewis by Defendant Smith and Prothro do not even list an offense that he resisted being arrested for, stating he, "knowingly resisted the performance of an authorized act…in an attempt to defeat an arrest for a violation of 720 ILCS."

24. The arrest of Plaintiff GARY LEWIS was made without probable cause. Immediately before he was arrested over by Defendant Officers and Defendant Sergeant, Plaintiff was not violating any laws, rules or ordinances. As the

4

Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause for the arrest of Plaintiff GARY LEWIS on 18 May 2023.

25. Once at the station, Mr. Lewis informed the Defendant Officers and Defendant Sergeant that he suffers from seizure disorder and needed his medication.

26. Despite that, he was not given his medication, had a seizure, and had to be rushed to St. Bernard Hospital.

27. Defendant Doherty, having reviewed all evidence relevant to Mr. Lewis's false incarceration, approved charges against him despite there being no probable cause.

28. For two days, Mr. Lewis was held at the police station before he was released.

29. The vehicle Mr. Lewis had been driving was towed and impounded. When Mr. Lewis went to recover the vehicle, he learned that it has been damaged.

30. On 8 June 2023, Mr. Lewis showed up to court ready to fight the false and malicious charges leveled against him by the Defendants. However, no officer appeared, and all the charges were dismissed in a manner consistent with his innocence.

31. The actions of the Defendants, detailed above, was willful and wanton.

32. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his

constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Fourth Amendment

33. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

34. The actions of Defendant Officers, described above, knowingly violated Plaintiff's rights under the Fourth Amendment of the U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

35. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, GARY LEWIS, pursuant to 42 U.S.C. §1983, demand judgment against the Defendants, D PROTHRO, #8805, C SMITH, #18090, R DOHERTY, #459, and CURIA, #5126, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – Racial Profiling

36. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

37. Plaintiff, as an African American, is a member of a protected class.

6

38. Defendant Officers stopped Plaintiff without a reasonable and articulable suspicion of criminality as required by the Fourth Amendment and based solely on his race.

39. Defendant Officers conduct was undertaken with the purpose of depriving Plaintiff of the equal protection in violation of the Fourteenth Amendment.

40. Defendant Officers acted with deliberate indifference to the Fourteenth Amendment rights of Plaintiff.

41. Defendants' conduct is consistent with a pattern and practice of racial profiling that is embedded within the Chicago Police Department.

42. In 2015, a shortly **after** the American Civil Liberties Union released a report detailing the City's use of stop and frisk, the ACLU of Illinois and CPD reached a settlement agreement to reform the practice of investigatory street stops known as stop and frisks.

43. However, the City of Chicago now uses traffic stops much in the same it did Stop and Frisk.

44. According to the Illinois Department of Transportation, in 2015, CPD conducted a traffic stop on approximately 85,965 drivers. Of those drivers, 42,051 were Black.

45. In 2016, CPD more than doubled their rate of traffic stops, stopping over 187,133 drivers. Of those drivers, 113,287 were Black.

7

46. In 2017, CPD conducted nearly 100 thousand more traffics stops than it had the year before, stopping over 285,067 traffic stops. Of those drivers, 172,116 were Black.

47. In 2018, CPD conducted nearly 489,460 traffic stops, over 200 thousand more than it had the year before. Of those stops, 300,954 involved a Black driver.

48. In 2019, CPD conducted 598,332 traffic stops. Of those stops, 368,332 involved a Black driver. Black drivers were 5.5 times more likely to be stopped than white drivers.

49. In 2020, CPD conducted 327,224 traffic stops. Of those, 204,203 involved a Black driver. Black drivers were 7 times more likely to be stopped than white drivers.

50. In 2021, CPD conducted 377,870 traffic stops, of which 237,997 or 63% involved a Black driver. Black drivers were 5 times more likely to be stopped than white drivers.

51. Black drivers stopped by CPD were more than *5 times more likely* to be asked to consent to a search of their car than white drivers.

52. According to the Office of the Inspector General, among CPD traffic stops that involved an officer using force, 87.2% of such uses of force were against Black people.

53. Black drivers are disproportionately targeted and stopped by the Chicago Police Department because of their race.

54. Black drivers are disproportionately pulled out of their vehicles and searched by the Chicago Police Department because of their race.

8

55. Black drivers are disproportionately subjected to force by the Chicago Police Department because of their race.

56. In 2023, the ACLU of Illinois sued the Chicago Police Department because of its pattern and practice of racially-profiling drivers.

57. As a direct and proximate result of the aforesaid acts of the Defendants, the Fourteenth Amendment rights of the Plaintiff were violated.

58. As a direct and proximate result of the aforesaid acts of the Defendants, the Fourteenth Amendment rights of the Plaintiff were violated.

59. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, GARY LEWIS, pursuant to 42 U.S.C. §1983, demand judgment against the Defendants, CITY OF CHICAGO, D PROTHRO, #8805, C SMITH, #18090, R DOHERTY, #459, and CURIA, #5126, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Supervisory Liability

60. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

61. Defendant Officers violated Plaintiff's right by intentionally racially profiling him and stopping him without a lawful basis.

62. Defendant Officers violated Plaintiff's rights by falsely charging him with a crime for which they knew there was no probable cause.

63. Defendants Curia and Doherty knew that Defendant Officers racially profiled Plaintiff, stopped him without a lawful basis, and charged him with a crime for which there was no true probable cause.

64. Defendants Curia and Doherty approved, assisted, and condoned Defendant Officers' conduct.

65. As a direct and proximate result of the unconstitutional conduct of Defendants Curia and Doherty, Plaintiff was harmed including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

WHEREFORE the Plaintiff, GARY LEWIS, pursuant to 42 U.S.C. §1983, demand judgment against the Defendants, R DOHERTY, #459, and CURIA, #5126, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Denial of Medical Care

66. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

67. As described more fully above, Defendant Officers and Defendant Sergeant had notice of Plaintiff's objectively serious medical condition.

68. Despite Defendant Officers' and Defendant Sergeant's notice, they failed to provide Plaintiff with necessary medical attention, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

69. As a result of the unjustified and unconstitutional conduct of Defendant Officers and Defendant Sergeant, Plaintiff experienced pain, suffering, emotional distress, injury, and risked life-long impairment.

70. The misconduct of Defendant Officers and Defendant Sergeant was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

71. Alternatively, Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of Plaintiff.

72. Plaintiff was harmed because of the unconstitutional conduct of Defendant Officers and Defendant Sergeant including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

WHEREFORE the Plaintiff, GARY LEWIS, pursuant to 42 U.S.C. §1983, demand judgment against the Defendants, CITY OF CHICAGO, D PROTHRO, #8805, C SMITH, #18090, and CURIA, #5126, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 745 ILCS 10/9-102 – Indemnification

73. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

11

74. Defendant City of Chicago is the employer of the individually-named defendants.

75. Each individually-named defendant committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, GARY LEWIS, demands that should any Defendant be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

## COUNT VI: Intentional Infliction of Emotional Distress

76. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

77. The above-detailed conduct by Defendants was extreme and outrageous, exceeding all bounds of human decency.

78. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

79. Defendant City is sued in this to the doctrine of *respondeat superior*, in that Defendants performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their respective employment.

80. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous

12

system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, GARY LEWIS, purusant to 42 U.S.C. §1983, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

### COUNT VII: Malicious Prosecution (State Law Claim)

81. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

82. By the actions detailed above, Defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

83. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendants performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

84. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, GARY LEWIS, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and

attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                    Respectfully Submitted,

                    **GARY LEWIS**

By:   s/ Jeanette Samuels
         *One of Plaintiff's Attorneys*

Jeanette Samuels
SAMUELS & ASSOCIATES, LTD.
53 West Jackson Blvd., Suite 831
Chicago, Illinois 60604
T: (872) 588-8726
F: (872) 813-5256
E: sam@chicivilrights.com